J-S34019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK G. REYNOLDS, | |
| Appellant | No. 824 MDA 2015 |

Appeal from the PCRA Order April 10, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at Nos: CP-40-CR-0000335-2013; CP-40-CR-0000856-2013

BEFORE:  PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:          **FILED NOVEMBER 15, 2016**

Appellant, Mark G. Reynolds, appeals from the April 10, 2015 order of the Court of Common Pleas of Luzerne County ("PCRA court"), denying relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Appellate counsel has filed an **Anders**[1] brief and a petition to withdraw pursuant to **Turner**/**Finley**.[2]  Upon review, we affirm and grant the petition to withdraw.

---

[1] Counsel filed two briefs pursuant to **Anders v. California**, 386 U.S. 738 (1967).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

This Court previously addressed the factual situation in its 2014 memorandum.

> Briefly, on November 18, 2013, Appellant pled guilty to theft by deception (18 Pa.C.S.A. § 3922(a)(3)) at docket number 335 and to two counts of terroristic threats with intent to terrorize (18 Pa.C.S.A. § 2706(a)(1)) and resisting arrest (18 Pa.C.S.A. § 5104) at docket number 856. On January 3, 2014, the trial court sentenced Appellant to thirteen to thirty months' incarceration in a state correctional institution for his convictions for theft by deception, and the two counts of terroristic threats. The trial court also sentenced Appellant to nine to eighteen months' imprisonment for the resisting arrest conviction. The court ordered the sentences to run concurrently.
>
> On January 13, 2014, Appellant filed a motion to modify his sentence, requesting that he be permitted to serve his sentence at the Luzerne County Correctional Facility (county facility). The trial court denied the motion on January 16, 2014. Appellant appealed to this Court.
>
> Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, in which he argued that the trial court abused its discretion in refusing to allow him to serve his sentence at the county facility, the trial court issued a Pa.R.A.P. 1925(a) opinion on April 17, 2014. In its Rule 1925(a) opinion, the trial court concluded that Appellant's challenge to the discretionary aspects of the sentence imposed was meritless. Specifically, the trial court concluded that Appellant failed to raise a substantial question.
>
> On July 10, 2014, Appellant's counsel filed a motion to withdraw as counsel and filed an **Anders** brief, wherein counsel raises a single issue for our review: "Whether the [t]rial [c]ourt abused its discretion in sentencing [Appellant]."

***Commonwealth v. Reynolds***, No. 477 MDA 2014, unpublished memorandum, at 1-2 (Pa. Super filed Dec. 8, 2014). This Court affirmed the judgment of sentence and granted counsel's petition to withdraw.

The trial court summarized the subsequent factual and procedural history as follows.

> [Appellant] filed a *pro se* [PCRA p]etition. On December 18, 2014 Jeffrey Yellen, Esquire was appointed as counsel and was directed to determine the necessity for the filing of any supplement to [Appellant's] *pro se* [m]otion.[3] No supplemental petition or brief was filed by counsel. On March 31, 2015, [the PCRA court] granted a [m]otion from Attorney Jeffrey Yellen to "[a]ppoint [n]ew [c]ounsel." [The PCRA court] subsequently entered an [o]rder appointing Allyson Kacmarski, Esquire as [c]ounsel for[Appellant].
>
> On April 10, 2015, a hearing was held on [Appellant's PCRA petition], when upon conclusion of the testimony presented and arguments of counsel, [the PCRA court] denied his requested relief on the record. [Appellant] was advised of his appellate rights prior to the conclusion of the hearing.
>
> [Appellant] filed a timely, *pro se*, [n]otice of [a]ppeal directly to the Superior Court of Pennsylvania on May 5, 2015. [Appellant's] *pro se* appeal was docketed at 824 MDA 2015. Subsequently, [Appellant's] [c]ourt appointed [c]ounsel field a timely [n]otice of [a]ppeal on May 11, 2015 which was docketed at 859 of 2015. [FN1] Attorney Kacmarski also filed a "[p]etition to [w]ithdraw as [c]ounsel" and her [m]otion was granted. Contemporaneously, in an [o]rder dated May 14, 2015, [the PCRA court] appointed Mary Deady, Esquire to

---

[3] Upon review of the record it is unclear why counsel was appointed prior to the filing of Appellant's *pro se* PCRA petition.

represent [Appellant] in the instant appeal. That same day, [the PCRA court] issued an [o]rder directing Attorney Deady to file a 1925(b) [s]tatement of [ma]tters [c]omplained of on [a]ppeal within 21 days. [FN2] Appellate counsel filed a [s]tatement of [m]atters [c]omplained of on [a]ppeal on June 25, 2015. The Commonwealth filed a response to [Appellant's] [s]tatement of [m]atters [c]omplained of on [a]ppeal on July 8, 2015.

[FN1. The [a]ppeal docketed at 859 MDA 2015 was [d]ismissed by an [o]rder of the Superior Court dated July 10, 2015 pursuant to Pa.R.A.P. 3517. An [o]rder of the Superior court dated July 15, 2015 gave effect to [Appellant's] *pro se* [a]ppeal docketed at 824 [MDA] 2015, commenting that [Appellant] filed a [d]ocketing [s]tatement. The Superior court's comment continued to direct Attorney Kacmarski to enter her appearance in 824 MDA 2015. The Superior Court Docket indicates that Attorney Deady entered her appearance in the instant appeal docketed at 824 [MDA] 2015 on July 27, 2015.]

[FN2. On June 10, 2015, [the PCRA court] granted [c]ounsel's [m]otion for an extension of time to file [Appellant's] 1925(b) statement and [the PCRA court] [o]rdered that same be submitted no later than June 25, 2015.]

PCRA Court Opinion, 9/4/2015, 1-2.

Appellant's counsel filed, in this Court, a petition to withdraw as counsel and an **Anders** brief, wherein counsel raises two issues for review:

  I.   Whether [Appellant's] guilty plea was knowing, voluntarily and intelligently entered?

  II.   Whether PCRA counsel was ineffective in failing to either obtain or utilize a psychiatric evaluation that was approved by the [PCRA] court?

**Anders** Brief, 8/22/16, at 3.

- 4 -

Before we may consider these issues, we must address whether Appellate counsel has met the requirements of **Turner/Finely**. In order to withdraw under **Turner/Finley** in this Court:

(1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why the issues are meritless.

(2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3) This Court must independently review the record and agree that the appeal is meritless.

**See Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing **Commownealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009); **Turner**, 544 A.2d at 928; **Finley**, 550 A.2d at 215).

This Court finds that Appellate counsel has complied with **Turner**/**Finely**. Appellate counsel has petitioned for leave to withdraw and filed a second **Anders** brief,[4] which we accept in lieu of a **Turner**/**Finley** no-

---

[4] Appellant's counsel first filed an **Anders** brief on March 28, 2016. This Court found that the first **Anders** brief was deficient because it did not address all issues raised by Appellant in his Rule 1925(b) statement. On this Court ordered Appellate counsel to comply with all the requirements of **Turner**/**Finley** within thirty days if counsel desired to pursue his petition to withdraw. Counsel complied on August 22, 2016.

merit letter.[5]  Furthermore, Appellant counsel has informed Appellant of his right to hire a new lawyer or file a *pro se* response.

Next, this Court must determine whether the appeal is indeed meritless.

> [A]n appellate court reviews the PCRA court's finding of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error.  The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.
>
> To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner.
>
> Furthermore, [a] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him.

***Commonwealth v. Freeland***, 106 A.3d 768, 775 (Pa. Super. 2014) (internal quotations and citations omitted).

---

[5] ***Anders v. California***, 386 U.S. 738 (1967), set forth the requirements to withdraw on direct appeal, which are more stringent than the ***Turner/Finley*** requirements that apply on collateral appeal.  ***See Widgins***, 29 A.3d at 817 n.2.  "Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter." ***Id.***

Appellant's first issue is that his guilty plea was not knowing, voluntary, and intelligently made because 1) he received a sentence longer than he expected because of the ineffective assistance of counsel, and 2) he was under the influence of multiple psychotropic medications.

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (citations omitted) (internal quotation marks omitted). Furthermore, a defendant "is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements." *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (citation omitted).

In the matter *sub judice*, Appellant argues that trial counsel was ineffective in failing to inform the Appellant of the sentence he would receive. Appellant's trial counsel informed Appellant of the range and maximum sentence he was facing when he plead. **See** N.T. PCRA Hearing, 4/10/15, at 66-69; **see also** N.T. Guilty Plea, 11/18/13, at 4. Appellant was aware that he was serving back time on a parole violation at the time of his plea. N.T. Guilty Plea, 11/18/13, at 7. Additionally, trial counsel informed Appellant that it was an open plea and there were no guarantees he would be sentenced to probation. **See** N.T. PCRA Hearing, 4/10/15, at 66-69. Furthermore, Appellant answered in the negative when asked whether "[a]nybody [was] forcing or threatening you to plead guilty here today," and "[h]ave any promises been made to you in connection with your plea other than what's part of your plea agreement." N.T. Guilty Plea, 11/18/13, at 7. Because Appellant is unable to establish that the underlying claim has merit, Appellant's claim fails.

Next, Appellant asserts that his plea was not knowing, voluntary, or intelligently made because he was under the influence of psychotropic medication. At his guilty plea hearing, the following exchange occurred.

> **PCRA Court:** "Are you under the influence of any drugs or alcohol today:
>
> **Appellant:** "No."
>
> **PCRA Court:** "Are you suffering from any type of illness or impairment, or is there anything that might affect your ability to understand today's proceedings?"
>
> **Appellant:** "No."

- 8 -

N.T. Guilty Plea, 11/18/13 at 4. Additionally, Attorney Donovan testified that Appellant's answers during the plea colloquy were coherent. N.T. PCRA Hearing, 4/10/15, at 68. As discussed above, Appellant is bound by the statements made in the plea colloquy and cannot subsequently contradict those statements. *See Muhammad*, 794 A.2d at 394. Furthermore, the PCRA court found, "having the benefit of observing the demeanor of [Appellant] at the guilty plea hearing, sentencing hearing and the PCRA hearing, it is our view that [Appellant's] testimony that he was on medications 'or dreaming' at the time of his pleas should be discounted." N.T. PCRA Hearing, 4/10/15, at 11-12. As the record supports the PCRA court's credibility determination, the determinations are binding on this Court. *See Commonwealth v. Spotz*,18 A.3d 244, 259 (Pa. 2011) (citing *Commonwealth v. Johnson*, 966 A.2d 523, 532, 539 (Pa. 2009)). Appellant's claim fails.

Appellant's second issue raised on appeal regards PCRA counsel's ineffectiveness, specifically, Appellant asserts PCRA counsel was ineffective for failing to obtain or use a psychiatric evaluation. Claims of ineffective assistance of PCRA counsel cannot be raised for the first time on appeal. *See Commonwealth v. Henkel*, 90 A.3d, 16, 20 (Pa. Super. 2014); *see also Commonwealth v. Ford*, 44 A.3d 1190, 1201 (Pa. Super. 2012); *Commonwealth v. Colavita*, 993 A.2d 874, 893 n. 12 (Pa. 2010). Therefore, this Court is unable to review Appellant's claim of ineffective assistance of PCRA counsel.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016